UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD BRADLEY GROOMS,

    Petitioner,

v.

KATHLEEN OLSON,

    Respondent.
_____/

Case No. 2:17-CV-12017
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER SUMMARILY DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Donald Bradley Grooms, ("Petitioner"), confined at the Ojibway Correctional Facility in Marenisco, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for delivery of heroin, M.C.L.A. 333.7401(2)(a)(iv); and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DENIED WITH PREJUDICE.

## I. Background

Petitioner was charged with two counts of delivery of heroin and one count of conspiracy to deliver heroin. Petitioner was also charged as a

fourth felony habitual offender.

On May 16, 2016, petitioner entered a plea of guilty to one count of delivery of heroin as a fourth felony habitual offender, in exchange for dismissal of the other charges. The judge also agreed to sentence petitioner to no more than 46 months on the minimum sentence. (Tr. 5/16/16, pp. 4-5). [1] Petitioner made out a factual basis for the delivery of heroin charge, but did not specifically admit to being a fourth felony habitual offender. (*Id.*, pp. 6-7). Petitioner was sentenced the same day to 46 months to 20 years in prison. (*Id.,* p. 16).

Petitioner's counsel filed a motion to correct the invalid sentence, on the ground that petitioner never pleaded guilty to being a fourth felony habitual offender. Petitioner also objected to the scoring of the sentencing guidelines. The judge denied the motion. *People v. Grooms,* No. 16-006970-FH (Alpena Cty. Cir.Ct., July 21, 2016).

Petitioner's plea and sentence were affirmed on appeal. *People v. Grooms*, No. 334249 (Mich.Ct.App. Sep. 26, 2016); *lv. den.* 894 N.W. 2d 50 (2017).

Petitioner seeks a writ of habeas corpus on the following grounds:

---

[1] Transcript attached as Appendix G to the petition.

I. Whether the trial judge erred when it failed to amend the judgment to remove the Hab 4th and for failing to follow the correct procedures under *Lockridge* and *Steanhouse*.

II. The scoring of OV-14 was wrongly decided by trial court and should have been scored at Zero points seeing there's a lack of record evidence to support the scoring.

## II.  Discussion

The Court summarily dismisses the petition because petitioner failed to state a claim upon which habeas relief can be granted.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a

careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court must screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without receiving an answer by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's claims do not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

In his first claim, petitioner argues that the judgment of sentence should have been amended to remove the fourth felony habitual enhancement because petitioner never pleaded guilty to being a fourth felony habitual offender.

Before its amendment in 1994, M.C.L.A. 769.13 provided a statutory right for a jury trial for defendants who were charged with being an habitual offender. Effective May 1, 1994, the procedure for enhancing an habitual offender sentence was changed. Under M.C.L.A. 769.13, as amended, a

defendant is no longer entitled to a jury trial on an habitual offender charge. *People v. Zinn*, 217 Mich. App. 340, 344-345; 551 N. W. 2d 704 (1996). The Michigan Court of Appeals indicated that the language of the amended statute reaffirmed the "long-held legislative intent" that habitual offender statutes are merely sentence enhancement mechanisms, rather than substantive crimes. *Id.* at 347; *See also People v. Anderson*, 210 Mich. App. 295, 297-298; 532 N. W. 2d 918 (1995)(habitual offender statute does not create a substantive offense that is separate from and independent of the principal charge). Thus, a defendant in Michigan is no longer entitled to a trial by jury or the right to be proven guilty beyond a reasonable doubt on an habitual offender charge. *People v. Zinn,* 217 Mich. App. at 347. Concomitantly, a criminal defendant does not have a right to plead guilty to being an habitual offender in order to be sentenced as such. *See People v. Carson*, No. 187473, 1997 WL 33353361, at * 1 (Mich. Ct. App. Feb. 28, 1997).

In any event, petitioner was informed that he was pleading guilty to delivery of heroin as a fourth felony habitual offender. The Court simply did not ask petitioner to admit to being an habitual offender.

A claim that there was an insufficient factual basis for a guilty plea is

non-cognizable on habeas review. *See Watkins v. Lafler*, 517 F. App'x. 488, 500 (6th Cir. 2013). There is no federal constitutional requirement that a factual basis be established to support a guilty plea. *Id.* While M.C.R. 6.302(D)(1) requires that a factual basis must be elicited from a defendant prior to accepting his or her guilty plea, the failure of a Michigan trial court to comply this rule does not establish a basis for habeas relief. *Id.* "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning,* 69 F. 3d 107, 111 (6th Cir.1995). Petitioner is not entitled to relief on his first claim.

In his second claim, petitioner argues that his sentencing guidelines were incorrectly scored.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's claim that the state trial court misapplied the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 F. App'x. 52, 53 (6th Cir. 2003); *See also Haskell v. Berghuis,* 695 F. Supp. 2d 574,

598 (E.D. Mich. 2010). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)).

Petitioner claims, however, that the scoring of his sentencing guidelines violated his Sixth Amendment right to a jury trial.

On June 17, 2013, the United States Supreme Court held that any fact which increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 ( 2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), where the U.S. Supreme Court held that any fact that enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. The Supreme Court in *Alleyne* overruled *Harris v. United States*,

536 U.S. 545 (2002), in which the Supreme Court had held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne,* 133 S. Ct. at 2157-58. The Supreme Court emphasized that their ruling did not require that every fact which affects judicial discretion in sentencing must be proven to a jury beyond a reasonable doubt. *Id.* at 2163.

*Alleyne* does not apply to petitioner's claim, because the Supreme Court's holding in "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range," which is what happened to petitioner in this case. *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); *See also United States v. James*, 575 F. App'x. 588, 595 (6th Cir. 2014)(collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*, 573 F. App'x. 483, 485 (6th Cir. 2014)("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.'...It said nothing about guidelines sentencing factors...."). The Sixth Circuit, in fact, has ruled that *Alleyne* did not decide

the question whether judicial factfinding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x. 668, 673 (6th Cir. 2013).

Although the Michigan Supreme Court relied on the *Alleyne* decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. *See People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (2015), *Lockridge* does not provide a basis for habeas relief for petitioner. The AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. *See Miller v. Straub,* 299 F. 3d 570, 578-579 (6th Cir. 2002). "The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 1:16-CV-206, 2016 WL 1068744, at * 5 (W.D. Mich. Mar. 18, 2016). Because the Sixth Circuit ruled that *Alleyne* does not apply to sentencing guidelines factors, reasonable jurists at a minimum could disagree about whether *Alleyne* applies to Michigan's minimum sentencing guidelines. *Id.* at * 6. "*Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme

and cannot form the basis for habeas corpus relief." *Id.; See also Perez v. Rivard,* No. 2:14-CV-12326, 2015 WL 3620426, at *12 (E.D. Mich. June 9, 2015)*.*

### III. Conclusion

The Court summarily denies the petition for writ of habeas corpus. The Court denies a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV. ORDER

IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: July 11, 2017

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 11, 2017, by electronic and/or ordinary mail and also on Donald Bradley Grooms #365360, Ojibway Correctional Facility, N5705 Ojibway Road, Marenisco, MI 49947.

s/Barbara Radke
Deputy Clerk